**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JUSTYN PATRICK COURSON,**

    **Plaintiff,**

**vs.**                                       **Case No.: 4:22-cv-00299-MW-MAF**

**FLA. DEP'T OF CORR.,**

    **Defendant.**

**_____/**

**REPORT AND RECOMMENDATION**

Plaintiff, Justyn Patrick Courson, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 and paid the requisite filing fee. ECF No. 1. Plaintiff admits he failed to exhaust his administrative remedies, as required, under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). ECF No. 1, pp. 14-16.

This matter is before the Court for screening as required by 28 U.S.C. § 1915A to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B). The screening procedures of Section 1915A apply to all

prisoner cases, regardless of whether the inmate-plaintiff is proceeding *in forma pauperis*. Martin v. Scott, 156 F.3d 578 (5th Cir. 1998). After careful review, for the reasons stated, the case should be **DISMISSED**.

## I.  Standard of Review

A federal court is required to conduct an initial screening of a pro se complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'. . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

Dismissal is also appropriate when, on the face of the complaint, it is evident a plaintiff failed to exhaust his administrative remedies.

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sues one defendant, The Florida Department of Corrections (FDOC). ECF No. 1. Plaintiff's allegations are written in a narrative form and are somewhat vague. As best can be determined, Plaintiff alleges that

sometime during 2018, while at Graceville Correctional Institution (Graceville), FDOC threatened him into ripping up evidence he had written down. Plaintiff does not explain what the threats were or who made them other than attributing the threats to the agency itself. Id., p. 5.

Separately, Plaintiff claims that an inmate named "Rel" entered his cell with a "sharp steel knife," woke Plaintiff from his sleep, threatened Plaintiff, and ordered Plaintiff to open his locker so he could rob Plaintiff. Id., p. 7. Plaintiff tried to convince "Rel" to put the knife away but "Rel" punched Plaintiff in the face twice, which broke his orbital bone and jaw. Id. "Rel" then stole everything Plaintiff had in the locker. Id. Plaintiff reported the incident to Captain Bowers at the medical unit. Id. Eventually, Plaintiff was sent to Lake Butler, but when he returned to Graceville, "Rel" was still there. Id. Plaintiff asks the Court to check the recordings from his cell at lunchtime on July 7, 2022, which shows "Rel" leaving Plaintiff's cell with Plaintiff's belongings, his discussion with an officer about his other lawsuits, and FDOC's "admi[ssion] through the speaker." Id.

Plaintiff claims that the FDOC is liable because "Rel" had that weapon. Id., p. 8. Plaintiff also seems to argue that FDOC should have transferred "Rel" out of Graceville following the attack; but they did not. Id., p. 9. Plaintiff claims that although he had jaw surgery at Lake Butler, they did nothing for

his eye. In addition to the broken orbital bone and jaw, Plaintiff alleges he suffers from "fluid and retinal damage to [his] eye," pain, vision problems, one side of his jaw is bigger than the other side, and there is a dark circular spot and fluid in his right eye. Id., p. 10.

Based on these events, Plaintiff asks this Court for various types of relief, some of which is apparently unrelated to his claims and injuries. Plaintiff seeks "as much money as possible . . . full reconstructive surgery, cosmetic creams enhancements, implants . . . hair implants, skin bleaching cream, Lasik hair removal, Lasik vision surgery, eye implant[s] . . . any organ transplant I want . . . penis transplant . . . augmentation surgery . . . robotic or cyborg surgeries . . . any food I want from the kitchen . . . a chicken leg quarter with every meal . . . scoliosis surgery . . . leg braces to fix my scoliosis . . . a private facility . . . books . . . complete control over the prison system . . .,"[1] and other nonsensical privileges. Id., pp. 11-13.

Plaintiff admitted in his complaint that (1) Graceville has a grievance procedure; (2) he did not file a grievance at Graceville or any other prison; and (3) the reason Plaintiff did not file a grievance was because "it was

---

[1] Plaintiff sought nearly identical relief in two other cases filed in the Middle District of Florida: Case Nos. 3:21-cv-00816-MMH-MCR and 3:22-cv-749-BJD-JBT. There, Plaintiff raised claims against the FDOC regarding his scoliosis and alleged that employees at four different correctional institutions denied his requests for proper medical treatment.

Case No.: 4:22-cv-00299-MW-MAF

already too late." ECF No. 1, pp, 14-16. In the complaint, for most of the questions relating to the exhaustion of administrative remedies, Plaintiff responded "not applicable." Id.

In filling a Section 1983 action, prisoners are required to disclose their litigation history. Plaintiff claimed he did not have any cases dismissed based on the "three strikes rule." Id., p. 16. To the question of whether Plaintiff filed other federal or state lawsuits relating to the conditions of his confinement, he responded "yes," but listed only one case. Id., pp. 18-19. Review of PACER[2] Case Locator indicates that the instant case is Plaintiff's fourth federal case challenging the conditions of his confinement, three of which were filed in the Middle District of Florida (M.D. Fla.).[3] One is considered a "strike," M.D. Fla. Case No. 3:22-cv-00749-BJD-JBT, Courson v. FDOC.

The Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a *pro se* prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form. See, e.g., Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (2011)

---

[2] Public Access to Court Electronic Records (PACER) is available online at the following URL: https://pacer.uscourts.gov/.

[3] M.D. Fla. Case No. 3:2021-cv-00836, Courson v. Inch; M.D. Fla. Case No. 3:22-cv-00749, Courson v. FDOC; M.D. Fla. Case No. 3:22-cv-00816, Courson v. FDOC. Plaintiff's Case No. 3:21-cv-00372, Courson v. Inch, originally filed in the Northern District of Florida was later transferred to the Middle District of Florida.

Case No.: 4:22-cv-00299-MW-MAF

(*pro se* prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Even if Plaintiff were permitted opportunity to amend his complaint to properly disclose his litigation history, the case is subject to dismissal.

### III. Discussion

A. <u>Dismissal is appropriate when, on the face of complaint, it is evident Plaintiff failed to exhaust his administrative remedies.</u>

The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, and courts do not have "discretion to waive the exhaustion requirement." Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion promotes efficiency and permits an agency "to correct its own mistakes" prior to being "haled into federal court." Woodford v. Ngo, 548 U.S. 81, 89 (2006). To discourage disregard of an agency's procedures and improve the quality of prisoner suits, the Supreme Court of the United States concluded that prisoners must

properly exhaust a prison system's grievance process. Woodford, 548 U.S. at 90-91 (holding that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). Thus, prison officials must have "time and opportunity to address complaints internally before allowing the initiation of a federal case." 548 U.S. at 93 (citing Porter v. Nussle, 534 U.S. 516 (2002)).

Plaintiff is required by law to exhaust his administrative remedies *before* initiating a Section 1983 action not after filing the complaint in federal court. Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998). See also Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003) ("In considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.").

In Jones, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. Still, while exhaustion is not a pleading requirement, the

Supreme Court noted that *sua sponte* dismissal is appropriate if it is apparent from the face of the complaint an inmate failed to exhaust the prison grievance procedure. Id. at 215. When an affirmative defense is apparent from the face of the complaint, "courts need not wait and see if the defense will be asserted in a defensive pleading." Miller v. Woodham, 2006 U.S. App. LEXIS 9035, at *3, 2006 WL 955748, (11th Cir. Apr. 12, 2006) (citation omitted).

As narrated above, Plaintiff acknowledged that the prison had a set grievance procedures but admitted he did not exhaust his administrative remedies because "it was already too late." ECF No. 1, p. 16. This suggests that Plaintiff did not file a grievance because it would have been untimely. However, it is well settled that if a prisoner has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies. See Poole v. Rich, 312 F. App'x 165, 168 (11th Cir. 2008) (citing Hilton v. Sec'y for Dep't of Corr., 170 F. App'x. 600, 605 (11th Cir. 2005)). Because exhaustion is a precondition to filing this lawsuit, the case is due to be **DISMISSED**.

B. Respondeat Superior

Plaintiff's complaint also fails to state a claim on which relief may be granted. Here, Plaintiff only sues the FDOC. But state and governmental

entities that are considered "arms of the state" are not "persons" subject to liability for the purposes of a Section 1983 action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is not a person for the purposes of Section 1983. Moreover, Plaintiff's claims against the FDOC are pursued under a theory of vicarious liability. "Liability under § 1983 may not be based on the doctrine of respondeat superior." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). A government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). To survive dismissal, a plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Here, Plaintiff makes no allegation that the events which occurred were the result of any official policy, practice, or custom. Plaintiff, in fact, attributes

no specific act or omission to the FDOC. For this reason, dismissal would also be appropriate.

## IV. Conclusion and Recommendation

It is respectfully recommended that the complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies or, alternatively, for failure to state a claim on which relief may be granted under 1915(e)(2)(B)(ii). It is further recommended that the case be **CLOSED** and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 31, 2022.

/s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.: 4:22-cv-00299-MW-MAF